UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA THORSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01661 |
| | ) | |
| DEPUTY CONNOR PRITCHETT, | ) | |
| In his individual capacity, | ) | |
| Serve at: | ) | |
| 119 E. First Street | ) | |
| Hermann, MO 65041 | ) | |
| | ) | |
| DEPUTY CARL SMITH, | ) | |
| In his individual capacity, | ) | |
| Serve at: | ) | |
| 119 E. First Street | ) | |
| Hermann, MO 65041 | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| STEVE LAFRANCE, | ) | |
| Serve at: | ) | |
| 6700 HWY 50 | ) | |
| Gerald, Missouri 63037 | ) | |
| | ) | |
| LINDSEY LAFRANCE, | ) | |
| Serve at: | ) | |
| 6700 HWY 50 | ) | |
| Gerald, Missouri 63037 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RUTHIE'S FAMILY RESTAURANT, LLC, | ) | |
| Serve Registered Agent: | ) | |
| Steven L.LaFrance | ) | |
| 207 Highway 50 | ) | |
| Rosebud, MO 63091-1005 | ) | |
| | ) | |
| Defendants. | ) | |

1

**COMPLAINT**

COMES NOW Plaintiff Debra Thorson, by and through the undersigned counsel, and for her Complaint pursuant to 42 U.S.C. 1983 and Missouri state law states as follows:

**INTRODUCTION**

1.　Debra Thorson is a resident of Rosebud, Missouri and owns an antique store called The Rusty Gate Antique Mall (the "Rusty Gate") also located in Rosebud, Missouri.

2.　Plaintiff became aware that certain individuals suffered gastrointestinal difficulties the week of July 13, 2025 after eating at Defendant Ruthie's Family Restaurant, LLC ("Ruthie's") which is located across the street from the Rusty Gate. Plaintiff subsequently mentioned this when she was asked about somewhere to eat.

3.　Ruthie's is owned by Defendant Steve LaFrance and the general manager of Ruthie's is Steve LaFrance's daughter Lindsey LaFrance ("LaFrance Defendants"). Defendants Steve LaFrance and Lindsey LaFrance, acting within the course and scope of employment for Ruthie's and in furtherance of the business or interest(s) of Ruthie's, made false oral and written statements to the Gasconade County Sheriff's Office leading to the arrest and false imprisonment of Plaintiff.

4.　As a result of phone calls and statements made by Steve LaFrance and Lindsey LaFrance as owner and employee of Ruthie's, on July 20, 2025, at approximately 4:55 p.m., two deputies from the Gasconade County Sheriff's Office came to the Rusty Gate after "reports that Thorson repeatedly made derogatory and defamatory statements about" Ruthie's.

5.　Defendants Pritchett and Smith proceeded to arrest Ms. Thorson for "harassment," handcuffed her and, despite being open for business, pets at the business and "food that was cooking on the stove inside her residence" attached to the Rusty Gate, the Sheriff Defendants

2

placed Ms. Thorson in the back seat of the patrol vehicle, with the windows up and the outside temperature at 95 degrees.

6. The deputies then "muted" their "body-cameras" as they discussed Ms. Thorson. Thorson, hot and afraid, asked the deputies to open the windows to allow some air and cool down the interior of the police vehicle. Defendant Pritchett agreed to "adjust the air conditioning in the vehicle", un-handcuffed Plaintiff to allow her to secure her business, animals and home, re-handcuffed Ms. Thorson and transported her to the Owensville Police Department several miles away for booking. After their arrival at the Owensville Police Department, the Deputy booked Ms. Thorson and then released her after realizing Ms. Thorson needed transportation back to Rosebud, the Deputy gave her a ride back to the Rusty Gate.

7. Days after her arrest, Defendant Pritchett submitted a "probable cause" statement for Harassment 1st Degree, a class E Felony, against Plaintiff for making "derogatory and defamatory statements" about Ruthie's. The probable cause statement was defective as a matter of law.

8. The probable cause statement written by Defendant Pritchett failed to set forth facts showing the existence of probable cause to arrest Plaintiff on felony charges and contained false information, including false information provided by the LaFrance Defendants. Among other things, the referenced statements made by Plaintiff to third parties about the LaFrance Defendants' business could not constitute felony harassment as a matter of Missouri law and to the contrary were First Amendment protected free speech.

9. In support of his probable cause statement, Defendant Pritchett also falsely stated that Ms. Thorson "has a previous conviction for Driving While Impaired out of Oklahoma. Due to

3

this and the ongoing nature of this incident" Defendant Pritchett "respectfully requests a Summons in this matter."

10. Ms. Thorson does not have a conviction "out of Oklahoma" and, even if Ms. Thorson did have a previous conviction out of Oklahoma for "Driving While Impaired" such a conviction would be irrelevant to whether probable cause existed for her arrest on July 20, 2025.

11. Plaintiff Thorson was not arrested because of probable cause that Plaintiff had violated Missouri law or harassed the LaFrance Defendants, but instead because the Defendants Steven LaFrance, Lindsey LaFrance and Ruthie's instigated criminal charges against Thorson to harass and oppress her thereby injuring Plaintiff, including violating Plaintiff's civil and constitutional rights.

## PRELIMINARY ALLEGATIONS

### Parties

12. Plaintiff Debra Thorson is a resident of Rosebud, Missouri.

13. Defendant Deputy Connor Pritchett is a law enforcement officer employed by the Gasconade County Sheriff's Office, which is a public entity of the State of Missouri operating out of Gasconade County, Missouri. Defendant Pritchett was acting under the color of state law at all relevant times.

14. Defendant Deputy Carl Smith is a law enforcement officer employed by the Gasconade County Sheriff's Office, which is a public entity of the State of Missouri operating in Gasconade County, Missouri. Defendant Smith was acting under the color of state law at all relevant times.

15. Plaintiff sues Defendants Pritchett and Smith in their individual capacities for damages.

16. Steve LaFrance and Lindsey LaFrance are private individuals residing in Gasconade County, Missouri.

17. Ruthie's Family Restaurant, LLC is a limited liability company located in Rosebud, Missouri.

**Jurisdiction and Venue**

18. Plaintiff brings her federal claims pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

19. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367.

20. Venue is proper in this Court under 28 U.S.C. § 1391 because the relevant events occurred in Gasconade County, Missouri, which is within the Eastern Division of the United States District Court of the Eastern District of Missouri.

**Color of State Law**

21. At all relevant times, Defendants acted under color of state law. Particularly, at all relevant times, Defendants Smith and Pritchett acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri.

**Jury Demand**

22. Plaintiff demands a jury trial on all issues so triable.

**Facts**

23. In July of 2025 Plaintiff had suffered gastrointestinal difficulties and had knowledge of customers that had suffered gastrointestinal difficulties at Ruthie's. After eating, Plaintiff Thorson had told people about these events.

24. On July 20, 2025, Defendants Steve LaFrance and Lindsey LaFrance, owner and employee respectively of Ruthie's, acting within the course and scope of their employment for Ruthie's and in furtherance of the business or interest of Ruthie's, contacted the Gasconade County Sheriff's Office and reported that Plaintiff had told her customers not to eat at Ruthie's. (and also falsely reported that Plaintiff had called the LaFrance Defendants' names out in the past and had screamed obscenities at Defendant Steve LaFrance.)

25. The LaFrance Defendants, acting on behalf of and in furtherance of the interest(s) of Defendant Ruthie's, thereafter instigated the unlawful false arrest of Plaintiff.

26. The LaFrance Defendants were motivated to harass Plaintiff, and because of their personal animus against Plaintiff Thorson, as well as to retaliate against her and silence her for statements she had made regarding the ill-effects she and others had experienced after eating at Ruthie's.

27. The Gasconade County Sheriff's Incident Report reflects that Plaintiff was arrested by Defendant Deputies Smith and Pritchett for "Harassment in the First Degree" pursuant to Sec. 565.090 RSMo., a Class E Felony, for "slandering" Ruthie's by making statements to third parties about customers at Ruthie's getting food poisoning and for her opinions about the restaurant.

28. During the Defendants' interview of Plaintiff, the Incident Report reflects that Plaintiff was able to call at least one person who had suffered from food poisoning after eating at Ruthie's and who informed the officers of same.

29. Nevertheless, Plaintiff Thorson was handcuffed at her place of business at approximately 5:02 p.m., placed in the back of a patrol car with the windows up, doors closed and an outside temperature in excess of 95 degrees Fahrenheit.

6

30. The patrol car was hot, poorly ventilated and Plaintiff Thorson remained inside despite the risk of heat exhaustion.

31. Defendants Smith and Pritchett "muted" their body cameras to speak about "safely securing Thorson's business animals and stove."

32. Deputy Pritchett heard "muffled sounds coming from the car seat" of his vehicle and, upon opening the door to the vehicle, was informed by Plaintiff that "she was hot." Defendant Pritchett adjusted the air conditioning and closed the door.

33. Defendant Pritchett than unmuted his body camera and advised Plaintiff Thorson he would "remove her handcuffs and allow her to secure her business, animals and stove." Defendant Pritchett then re-handcuffed Plaintiff Thorson and transported her to the Owensville Police Department for booking.

34. The Owensville Police Department is 29.7 miles or approximately 36 minutes from the Gasconade County Sheriff's Office.

35. At the Owensville Police Department, Plaintiff was "booked and released pending charges." After her booking, Deputy Pritchett provided Plaintiff at her request a ride back to her business at Gasconade County "which was completed without further incident."

36. On July 21, 2025, the day after Plaintiff Thorson's false arrest, Lindsey LaFrance submitted her written "Voluntary Statement" to the Gasconade County Sheriff containing false statements regarding Plaintiff Thorson.

37. On July 22, 2025, two days after the false arrest, Defendant Steve LaFrance submitted his written "Voluntary Statement" to the Gasconade County Sheriff which contained false statements about Ms. Thorson.

7

38. Sometime after July 22, 2025, Defendant Pritchett submitted his "Probable Cause Affidavit" to the Gasconade County Prosecuting Attorney's Office for "Harassment- 1st Degree; Class E Felony" stating Plaintiff "repeatedly made derogatory and defamatory statements" about Ruthie's and because the LaFrance Defendants "described a pattern of hostile behavior over several months, including yelling verbal insults directed at" the LaFrance Defendants.

39. A person commits the offense of harassment in the first degree if he or she, <u>without good cause</u>, engages in any act <u>with the purpose to cause emotional distress to another person</u>, and such act does cause such person to suffer emotional distress. § 565.090 RSMo. However, "emotional distress" requires "something markedly greater than the level of uneasiness, nervousness, unhappiness, or the like which are commonly experienced in day-to-day living." § 565.002 RSMo.

40. Prior to the wrongful arrest of Plaintiff, the Missouri Supreme Court had limited a prior version of § 565.090 RSMo., in cases based solely on communications made by the defendant, to those statements which "cause <u>immediate substantial fright, intimidation, or emotional distress</u>" and which "inherently tend to inflict injury or provoke violence." *State v. Vaughn*, 366 S.W.3d 513, 522 (Mo. 2012). Furthermore, the Missouri Supreme Court has held that "good cause" under the statute encompasses "a cause or reason sufficient in law: one that is based on equity or justice or that would motivate a reasonable man under all the circumstances" and good cause includes all First Amendment protected expression. *See Id.*

41. A reasonable officer in the position of Deputies Smith and Pritchett would not have believed that criticisms of a business made to third parties could support an arrest on the basis of felony harassment under clearly established Missouri law. A reasonable officer would also not have believed that Thorson could be arrested for felony harassment for such criticisms without

violating Plaintiff Thorson's clearly established constitutional rights, including her rights to be free from an unreasonable seizure of her person and her rights to be free from government retaliation for exercising her right to freedom of speech under the First Amendment.

42. Plaintiff's arrest was unlawful, and Plaintiff was held in custody and suffered humiliation, severe emotional distress, reputational harm and physical discomfort.

43. On information and belief, no summons was ever issued despite Defendants' request. The charge of "harassment" against Plaintiff was either dismissed, or abandoned.

### COUNT I - 42 U.S.C. § 1983 - UNLAWFUL SEIZURE/FALSE ARREST AGAINST DEFENDANTS PRITCHETT AND SMITH

44. Plaintiff re-alleges paragraphs 1-43 and incorporates same herein by reference.

45. By arresting and unlawfully seizing Plaintiff without probable cause, Defendants Pritchett and Smith deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments.

46. Plaintiff's unlawful seizure continued beyond her initial arrest while she was detained/confined in the back seat of the Sheriff's patrol car and transported 27 miles away while under arrest.

47. The unlawful arrest, detention and seizure of Plaintiff Thorson occurred without valid legal process and was not supported by probable cause or legal justification.

48. When Defendants Pritchett and Smith arrested Plaintiff Thorson they were acting under the color of law.

49. The false/unlawful arrest and seizure of Plaintiff Thorson caused injury to Plaintiff Thorson including, but not limited to, a loss of liberty, severe emotional distress and reputational harm and physical discomfort.

50. The acts of Defendants Pritchett and Smith in falsely accusing Plaintiff Thorson of committing a crime and imprisoning and detaining Plaintiff Thorson through an illegal seizure of

9

her person were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff Thorson, entitling Plaintiff Thorson to an award of punitive damages against these Defendants.

WHEREFORE Plaintiff Debra Thorson prays judgment against Defendants Connor Pritchett and Carl Smith in an amount in excess of $75,000.00, together with her costs, pre- and post-judgment interest, attorneys' fees, compensatory damages in an amount to be determined by a jury, punitive damages, an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and for such other and further relief as the Court may deem just and proper, the premises considered.

**COUNT II - FALSE IMPRISONMENT AGAINST ALL DEFENDANTS - STATE LAW**

51. Plaintiff re-alleges paragraphs 1-50 and incorporates the same herein by reference.

52. As set forth above, Defendants Pritchett and Smith arrested and detained Plaintiff Thorson against her will and in violation of clearly established Missouri law and Plaintiff's clearly established state and federal constitutional rights.

53. Defendants Steve LaFrance and Lindsey LaFrance encouraged, caused, promoted, and instigated the false arrest and false imprisonment of Plaintiff Thorson against her will. Defendants did not merely provide information to Defendants Pritchett and Smith but affirmatively sought out and encouraged the arrest of Plaintiff, including by providing false and misleading information.

54. Plaintiff's arrest, detention and restraint was unlawful.

55. The LaFrance Defendants in making false allegations, as referenced above, against Plaintiff Thorson leading to the wrongful arrest and detention of Plaintiff Thorson were at all times

acting in their capacity as owner and/or employees of Defendant Ruthie's, acting on behalf of Defendant Ruthie's and in the course and scope of their employment for Ruthies.

56. The acts of the LaFrance Defendants, as referenced above, were done in the furtherance of the business interest(s) of Defendant Ruthie's and arose from their roles as owner and employee of Defendant Ruthie's.

57. Defendant Ruthie's is responsible for the acts of its owners/employees, as referenced above, performed in the course and scope of their employment and in furtherance of the business interest(s) of Ruthie's. The conduct of Defendants Steven LaFrance and Lindsay LaFrance was authorized and ratified by Defendant Ruthies.

58. The actions of Defendants in causing the unlawful arrest, detention and false imprisonment of Plaintiff directly caused or contributed to cause injury to Plaintiff including, but not limited to, the loss of her liberty, severe emotional distress and reputational harm and physical discomfort.

59. Furthermore, the actions of Defendants Pritchett and Smith, including wrongfully arresting Plaintiff Thorson in retaliation for the exercise of her protected speech, were done in bad faith and with malice. The arrest and detention of Plaintiff Thorson was done wantonly and in a manner which a reasonable law enforcement officer would know to be contrary to their duty and which Defendants intended to be prejudicial and injurious to Plaintiff Thorson. Therefore, Defendants Pritchett and Smith are not entitled to official immunity.

60. The Defendants intentionally harmed Plaintiff Thorson without just cause and/or acted with a deliberate and flagrant disregard for Plaintiff's rights and safety, entitling Plaintiff to an award of punitive damages.

WHEREFORE Plaintiff Debra Thorson prays judgment against Defendants Connor Pritchett and Carl Smith in an amount in excess of $75,000.00, together with her costs, pre- and post-judgment interest, compensatory damages in an amount to be determined by a jury, punitive damages, and for such other and further relief as the Court may deem just and proper, the premises considered.

### COUNT III – 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION AGAINST DEFENDANTS PRITCHETT AND SMITH

61. Plaintiff re-alleges paragraphs 1-60 and incorporates same herein by reference.

62. Plaintiff engaged in constitutionally protected activity and expression under the First Amendment, including by informing third parties of incidents of gastrointestinal difficulties after eating at Defendants' restaurant.

63. As a result, Defendants Pritchett and Smith took adverse actions against Plaintiff by seizing, arresting and detaining her, actions which would chill a person of ordinary firmness from continuing to exercise their First Amendment rights of free speech.

64. The adverse actions taken by Defendants Pritchett and Smith were motivated in whole or part by Plaintiff's exercise of her constitutional rights.

65. When Defendants Pritchett and Smith retaliated against Plaintiff for exercising her rights they were acting under color of law.

66. Defendants' unlawful retaliation caused injury to Plaintiff including, but not limited to, the loss of her liberty, severe emotional distress and reputational harm and physical discomfort.

67. The acts of Defendants Pritchett and Smith were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, entitling Plaintiff to an award of punitive damages against Defendants.

WHEREFORE Plaintiff Debra Thorson prays judgment against Defendants Connor Pritchett and Carl Smith in an amount in excess of $75,000.00, together with her costs, pre- and post-judgment interest, compensatory damages in an amount to be determined by a jury, punitive damages, an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and for such other and further relief as the Court may deem just and proper, the premises considered.

**COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS - STATE LAW**

68. Plaintiff re-alleges paragraphs 1-67 and incorporates same herein by reference.

69. Defendants, by wrongfully arresting Plaintiff Thorson, and in making false claims/reports and/or instigating the arrest and detention of Plaintiff acted intentionally and recklessly. The Defendants either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of their conduct.

70. The conduct of Defendants in instigating the arrest and detention of Plaintiff Thorson and/or causing the arrest and detention of Plaintiff Thorson was extreme and outrageous.

71. The conduct of Defendants, as referenced above, caused severe emotional distress to Plaintiff Thorson, including anxiety, sleep deprivation, depression, and post-traumatic stress disorder.

72. The Defendants intentionally harmed Plaintiff Thorson without just cause and/or acted with a deliberate and flagrant disregard for Plaintiff's rights and safety, entitling Plaintiff to an award of punitive damages.

WHEREFORE Plaintiff Debra Thorson prays judgment against Defendants in an amount in excess of $75,000.00, together with their costs, pre- and post-judgment interest, compensatory damages in an amount to be determined by a jury, punitive damages against the individual

defendants, and for such other and further relief as the Court may deem just and proper, the premises considered.

                                                    Respectfully submitted,

                                                    DOWD & DOWD, P.C.

DATED: November 11, 2025        BY:   */s/ Sam J. Alton*
                                                                SAM J. ALTON, (48574MO)
                                                                sam@dowdlaw.net
                                                               CLAYTON L. DOWD, (72772MO)
                                                               clayton@dowdlaw.net
                                                               DOUGLAS P. DOWD, (29240MO)
                                                               doug@dowdlaw.net
                                                               211 North Broadway, 40th Floor
                                                               St. Louis, MO  63102
                                                               (314) 621-2500

                                                    *Attorneys for Plaintiff*