UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA THORSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25 CV 1661 JMB |
| | ) | |
| DEPUTY CONNOR PRITCHETT, DEPUTY | ) | |
| CARL SMITH, STEVE LAFRANCE, | ) | |
| LINDSEY LAFRANCE, and RUTHIE'S | ) | |
| FAMILY RESTAURANT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Now pending before the Court is Defendants Deputy Connor Pritchett's and Deputy Carl Smith's Motion to Dismiss or Stay (Doc. 9) and Motion to Supplement the Record (Doc. 33). For the reasons set forth below, the Motion to Stay is **GRANTED**, the alternative Motion to Dismiss is **DENIED without prejudice**, and the Motion to Supplement is **GRANTED**.

**Background**

According to the Complaint (Doc. 1), Plaintiff Debra Thorson owns an antique store that is across the street from Defendant Ruthie's Family Restaurant in Rosebud, Missouri. In July, 2025, Ruthie's owner, Steve LaFrance, and his daughter, Lindsey LaFrance, who is the general manager, complained to the Gasconade County Sheriff's Office that Plaintiff made "derogatory and defamatory statements" about the restaurant. As a result, Defendants Pritchett and Smith, Gasconade County deputy sheriffs, arrested Plaintiff for "harassment" on July 20, 2025. Plaintiff was transported to the Owensville Police Department for booking and then released. Plaintiff was not charged at the time.

Plaintiff alleges that her arrest was not supported by probable cause, that the probable cause statement authored by Deputy Pritchett contained false statements, and that she was instead arrested in violation of her constitutional rights.  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for unlawful seizure (Count I), false imprisonment (Count II), and First Amendment retaliation (Count III), and a state law claim of intentional infliction of emotional distress (Count IV).  Defendants Pritchett and Smith seek dismissal of the individual claims against them based on abstention, qualified immunity, failure to state a claim, and official immunity.  Alternatively, Defendants seek to stay this matter pending criminal charges against Plaintiff.  Attached to Defendants' Motion are video clips from Defendants' body cameras, taken on the date in question.

After filing their motion to dismiss or stay, Plaintiff was charged, by way of complaint, with two counts of felony harassment in violation of state law related to the events in this case. The state criminal matter is currently pending before the Gasconde County Circuit Court, and an arraignment is set for May 20, 2026.  State v. Debra Lynn Thorson, 26GA-CR00142 (filed on April 6, 2026).  Defendants subsequently filed a Motion for Leave to Supplement the Record of the Motion to Stay, noting that Plaintiff had been charged and that no party objects to a stay of these proceedings.

**Discussion**

The Supreme Court of the United States instructs federal courts to abstain from hearing cases when there is an ongoing state proceeding that implicates important state interests and which would provide the parties an opportunity to raise the claims raised in the federal case.  Younger v. Harris, 401 U.S. 37 (1971); Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005).   There are now ongoing state criminal proceedings against Plaintiff that implicate the important state interest in prosecuting crime and which provide Plaintiff with an opportunity to raise her constitutional

claims.  As such,  a stay is warranted in this case until resolution of Plaintiff's criminal charges. Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-604 (8th Cir. 1999) (holding that where a plaintiff seeks damages, the federal matter should be stayed and not dismissed).

### Conclusion

For the foregoing reasons, the Motion to Stay (Doc. 9) is **GRANTED**, the alternative Motion to Dismiss (Doc. 9) is **DENIED without prejudice**, and Motion to Supplement the Record (Doc. 33) is **GRANTED**.  All deadlines and hearings in this case are hereby **CANCELLED**. Defendants Pritchett and Smith shall file a status report by **October 28, 2026** as to the status of the state criminal case, or earlier if the state matter is no longer pending or is resolved prior to that date.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of April, 2026